**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Joanie Greene, Anthony Greene, and John Doe,
Defendants,

of whom Joanie Greene is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2025-000640

———————

Appeal From Greenville County
Timothy E. Madden, Family Court Judge,

———————

Unpublished Opinion No. 2025-UP-320
Submitted September 8, 2025 – Filed September 17, 2025

———————

**AFFIRMED**

———————

Harry A. Hancock, of Columbia, for Appellant.

Kristine Jaye Amin, of Amin Family Law & Mediation LLC, of Greenville, as the Guardian ad Litem for Appellant.

Amanda Stiles, of the South Carolina Department of Social Services, of Greenville, for Respondent.

Megan Goodwin Burke, of Greenville, for the Guardians ad Litem for the minor children.

---

**PER CURIAM:** Joanie Greene appeals the family court's final order finding she physically neglected her minor child (Child 2), authorizing the Department of Social Services (DSS) to forego reasonable efforts to reunify her with Child 2, approving a permanent plan of adoption, and terminating her parental rights to her minor children. *See* S.C. Code Ann. § 63-7-1660(E) (2010) (setting forth findings a family court must make when removing a child from the custody of a parent); S.C. Code Ann. § 63-7-1640(C)(1)(b) (Supp. 2024) ("The family court may authorize [DSS] to terminate or forego reasonable efforts to preserve or reunify a family . . . when the family court determines . . . the parent has subjected the child or another child while residing in the parent's domicile to . . . severe or repeated neglect . . . ."); S.C. Code Ann. § 63-7-1700(C) (Supp. 2024) ("At the permanency planning hearing, the court shall approve a plan for achieving permanence for the child . . . .  [A] pending termination of parental rights [TPR] action may be consolidated with a contested permanency planning hearing."); S.C. Code Ann. § 63-7-2570 (Supp. 2024) (stating the family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interest).  Upon a thorough review of the record and the family court's findings of fact and conclusions of law pursuant to *Ex parte Cauthen*, 291 S.C. 465, 354 S.E.2d 381 (1987), we find no meritorious issues warrant briefing.  Accordingly, we affirm the family court's ruling and relieve Greene's counsel.

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.